USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN BLANC and NOELLE BLANC,

                Plaintiffs,

-against-

CAPITAL ONE BANK, UNITED RECOVERY SYSTEMS, JP MORGAN CHASE BANK, SUBARU, EQUIFAX INFORMATION SERVICES, INC., EXPERIAN, and TRANS UNION CORPORATION,

                Defendants.

13-cv-7209 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

Plaintiffs bring this action *pro se* against Capital One Auto Finance, a division of Capital One, National Association (erroneously captioned as "Capital One Bank")[1] ("Capital One Auto"), United Recovery Systems, JP Morgan Chase Bank, Subaru, Equifax Information Services, Inc., Experian, and Trans Union Corporation alleging violations of contract, debt collection practices statutes, credit reporting statutes, the Americans with Disabilities Act of 1990 (the "ADA"), and various common law doctrines. Capital One Auto moves to dismiss. For the following reasons, the motion is GRANTED.

## BACKGROUND

### A. *Allegations Concerning Vehicle Damage*

Capital One Auto is allegedly Plaintiff's "finance company"—it issued an auto loan to Plaintiffs in the amount of $14,000 to finance the purchase of a car. (Am. Compl. ¶ 25, ECF No. 29.) Plaintiffs allege that a tree damaged their car during Superstorm Sandy. (*Id.* ¶ 24.)

---

[1] One or more of Capital One Auto's co-defendants may also have been erroneously captioned, but Capital One Auto is the only Defendant that has moved.



Copies mailed/faxed 6/24/2015
Chambers of Nelson S. Román, U.S.D.J.

Plaintiffs twice called Capital One Auto and arranged to have the damaged car inspected and towed. (*Id.* ¶¶ 28-34.) However, Capital One Auto allegedly never followed through, so Plaintiffs had the car repaired out-of-pocket for $13,000. (*Id.*) Plaintiffs also claim that they spent $3,000 on rentals while their car was under repair. (*Id.* ¶ 34.) Plaintiffs claim that Capital One Auto refused to reimburse them for repairs. (*Id.* ¶ 31.)

      B.      *Allegations Concerning Credit Reporting*

Plaintiffs allege that Capital One Auto reported false information to credit bureaus that showed up on their credit reports. (*Id.* ¶ 32.) Plaintiffs do not identify what information was false or the nature of the falsehood, and moreover, Plaintiffs admit that they were "quite delinquent" on their auto loan. (*Id.* ¶ 53.) Plaintiffs also claim that Capital One Bank (USA), N.A. (a separate entity from Capital One Auto[2]) ("COBUSA") canceled one of Ms. Blanc's credit cards and all of Mr. Blanc's credit cards "in a retaliatory manner" to harass, slander, or intimidate Plaintiffs. (*Id.* ¶ 35.)

Plaintiffs claim that these instances of alleged false credit reporting destroyed their credit. Plaintiffs claim that their application to purchase a new car was denied. (*Id.* ¶ 32.) Plaintiffs also claim that Ms. Blanc suffered shock crises, went into a coma, spent time in a rehabilitation center, and incurred $35,000 in medical fees. (*Id.* ¶¶ 37-38.) Plaintiffs further claim that they had to accept an unusually high interest rate to finance their subsequent purchase of a new vehicle. (*Id.* ¶ 39.)

---

[2] The distinction between Capital One Auto and COBUSA is irrelevant for purposes of this motion. Capital One Auto has represented that to the extent a response from COBUSA is required, COBUSA adopts Capital One Auto's arguments in favor of dismissal.

2

Plaintiffs claim that they tried to dispute "various negative statuses" that appeared on their credit reports. (*Id.* ¶¶ 61-62.) Plaintiffs allege that Capital One Auto "verified the disputed information as accurate" on each occasion. (*Id.* ¶ 87.)

C.     *Allegations Concerning Attempts to Settle Debts and Debt Collection Practices*

Plaintiffs claim that in February 2013, "Marcus" of Capital One Auto offered a reduced payment plan to Plaintiffs as a settlement of the auto loan. (*Id.* ¶ 45.) Plaintiffs made a counteroffer, which Capital One Auto did not accept. (*Id.* ¶¶ 50-52.) Plaintiffs also claim that they had credit cards with COBUSA that were overdue. Plaintiffs allegedly "proffered" a "payment agreement" concerning these accounts to "Timothy Brown" of COBUSA, but COBUSA never responded. (*Id.* ¶ 59.)

Capital One Auto and other creditors have allegedly called Plaintiffs "relentlessly" or "up to 5 times a day" to collect on various debts owed by Plaintiffs. (*Id.* ¶¶ 58, 64.) Plaintiffs claim that nothing has been resolved despite their good faith efforts to dispute items with credit reporting agencies. (*Id.* ¶ 65.)

\*     \*     \*

Plaintiff claims that this course of conduct amounts to a breach of contract, a violation of fair debt collection practices statutes, a violation of credit reporting statutes, defamation, fraud, and harassment. Plaintiffs also claim that Capital One Auto somehow violated the Americans with Disabilities Act because they knew of Ms. Blanc's disability but refused her pleas for assistance. (*Id.* ¶¶ 45-46, 95-96.)

**STANDARD ON A MOTION TO DISMISS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010).  A court should accept non-conclusory allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008).  "[T]he duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir. 1998)).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*."  *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  The court should read *pro se* complaints "to raise the strongest arguments that they suggest."  *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).  Even so, "pro se plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level."  *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted).  Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it."  *Geldzahler v. N.Y.*

*Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

"[F]ailure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (citing *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)).  Where a Rule 12(b)(6) motion is unopposed, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* at 322-23.  As of the date of this Order, Plaintiffs have not submitted opposition to Capital One Auto's motion, which Capital One Auto certified that it served on Plaintiffs on August 11, 2014 pursuant to the briefing schedule set by the Court at a June 26, 2014 pre-motion conference.  Accordingly, the Court will decide the motion on Capital One Auto's submissions alone, in light of the Court's "reading of the pleading and knowledge of the law." *Hass*, 497 F. Supp. 2d at 564.

## DISCUSSION

### I. Contract Claims

Plaintiffs' breach of contract claims must be dismissed.  To maintain a claim for breach of contract, a plaintiff must prove "(1) the existence of a contract between itself and the defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by the defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Jinno Int'l Co. v. Premier Fabrics, Inc.*, No. 12 CIV. 07820 LGS, 2013 WL 4780049, at *2 (S.D.N.Y. May 24, 2013).

Whether a contract is written, verbal, or implied-in-fact, "there must be an offer, acceptance, consideration, mutual assent and intent to be bound." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004).  The Amended Complaint is threadbare as to these

claims, but under the most charitable reading, there are two possible theories of contract; neither is adequately pleaded.

First, Plaintiffs claim that Capital One Auto refused to reimburse Plaintiffs for the cost to repair the damage to their car, plus incidentals. These allegations state no claim because Plaintiffs have not alleged that Capital One Auto had any obligation to do so. Plaintiff makes no reference to any express written or verbal contract obligating Capital One Auto to cover the costs of repair or incidentals. Plaintiff does allege that Capital One Auto was their "finance company." (Am. Compl. ¶ 25.) Even if the Court may infer that a written contract existed between Plaintiffs and Capital One Auto for automobile financing, the Court cannot reasonably infer that this contract obligated Capital One Auto to cover repair or incidental costs because auto finance companies do not typically insure the cars that collateralize their loans. Furthermore, the Amended Complaint makes clear that Plaintiffs had a separate "insurer." (*See id.* ¶ 31 (indicating that the mechanic reached out to Plaintiffs' "insurer," which is not Capital One Auto).) There are no allegations of an offer, acceptance, consideration, mutual assent, or intent to be bound to establish a verbal contract or actions establishing an implied-in-fact contract.

Second, Plaintiffs claim that Capital One Auto failed to consummate settlements with respect to Plaintiffs' auto loan and credit card debt. These allegations are equally unsuited to a contract action. First, Plaintiffs do not allege the existence of a written contract to settle any debt. Second, there is no verbal or implied-in-fact contract. In February 2013, Capital One Auto allegedly offered Plaintiffs a reduced payment plan as a settlement for the auto loan. But Plaintiffs made a counteroffer. "A seminal law of contracts is that a counteroffer constitutes a rejection of an offer as a matter of law." *Greystone P'ships Grp., Inc. v. Koninklijke Luchtvaart*

*Maatschappij N.V.*, 815 F. Supp. 745, 753 (S.D.N.Y. 1993).  Capital One Auto did not accept the counteroffer, so there was no contract.  Plaintiffs' separate "proffer" to "Timothy Brown" of COBUSA to settle credit card debts is equally insufficient, because Capital One Auto did not accept the "proffer."  The contract claims are dismissed.

## II.     Credit Reporting Claims

The claims against Capital One Auto based on credit reporting must be dismissed.  The federal Fair Credit Reporting Act imposes duties on Capital One Auto under § 1681s-2(a) and (b) as a furnisher of information to credit reporting agencies.  Although there is no private right of action under subsection (a), there is under subsection (b).  *Mendy v. JP Morgan Chase & Co.*, No. 12 CIV. 8252 PGG, 2014 WL 1224549, at *5 (S.D.N.Y. Mar. 24, 2014).  "However, the duty to investigate in Subsection (b) is triggered only after a furnisher of information receives notice *from a credit reporting agency* of a consumer's dispute . . . as opposed to being told by the consumer directly."  *Id.*  Plaintiffs have not alleged that a credit reporting agency informed Capital One Auto of any dispute.  Nor have they alleged that Capital One Auto failed to investigate any dispute.

Plaintiffs' claims under New York's Fair Credit Reporting Act, N.Y. G.B.L. §§ 380 to 380-n, and for defamation, libel, and slander are unclear, but at best they amount to a claim that Capital One Auto furnished inaccurate information to credit bureaus.  These claims are dismissed for failure to meet the *Twombly* and *Iqbal* pleading standards.  Plaintiffs do not identify what information was inaccurate, what the nature of the inaccuracy was, or what information their credit reports should have reflected.  The closest that Plaintiffs come to providing any detail is their allegation that COBUSA canceled Plaintiffs' credit cards "in a retaliatory manner"; but such a bare allegation cannot survive a motion to dismiss.  Plaintiffs' formulaic allegations that Capital One Auto furnished inaccurate information are seemingly at odds with the admissions in

the Amended Complaint that Plaintiffs owed a $14,000 debt to Capital One Auto and were "quite delinquent." Upon such scanty and contradictory allegations, the Court is inclined to dismiss this claim based on the obvious pleading deficiencies rather than the preemption arguments Capital One Auto raises. However, Plaintiffs would be wise to consult *McPherson v. JP Morgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011), if they deem it worthwhile to seek leave to replead any dismissed claims.

### III.   Debt Collection Claims

Plaintiffs fail to allege that Capital One Auto is a "debt collector" subject to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which is fatal to their claims under the FDCPA. *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 530 (S.D.N.Y. 2008). The Court may not, on a Rule 12(b)(6) motion, rely on Capital One Auto's representation that it is not a debt collector. However, even ignoring that representation, the claims still fail because the Amended Complaint alleges no facts indicating that Capital One Auto either (1) is a "business the principal purpose of which is the collection of any debts" or (2) "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be *owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). The few facts that do appear in the Amended Complaint tend to show that Capital One Auto is a "creditor" and not a debt collector. *See* 15 U.S.C. § 1692a(4) (defining "creditor" as one who "offers or extends credit creating a debt or to whom a debt is owed, [except that] such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another"). For example, the Amended Complaint alleges that Capital One Auto is a "finance company" that Plaintiffs used to finance their automobile purchase. Plaintiffs' conclusory allegations that the FDCPA applies does not alter this conclusion. Finally, the allegations concerning conduct by United Recovery Systems do not state a claim against

Capital One Auto because the FDCPA does not impose liability vicariously on creditors based solely on the acts of third-party debt collectors. *Andresakis v. Capital One Bank (USA) N.A.*, 09 CIV. 08411 DAB FM, 2011 WL 846830, at *4 (S.D.N.Y. Feb 3, 2011), *report and recommendation adopted*, 09 CV 8411 DAB, 2011 WL 1097413 (Mar. 23, 2011).[3]

## IV.     ADA Claim

Plaintiffs' paltry ADA claim must also fail.  Plaintiffs' alleges that Capital One Auto knew of Ms. Blanc's disability but rejected her pleas for assistance.  Plaintiffs do not identify what Ms. Blanc requested, the circumstances of Capital One Auto's denial, or any facts to raise an inference of discrimination on the basis of disability.  The facts of this lawsuit have nothing to do with any of the provisions in the five titles of the ADA—employment (Title I), provision of public programs (Title II), public accommodations (Title III), telecommunications (Title IV), or any of the miscellaneous provisions of the ADA (Title V).  *See* Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327 (codified as amended in 42 U.S.C. §§ 12101-12213 and scattered sections of 47 U.S.C.).  Plaintiffs have not stated an ADA claim.

## V.     Fraud Claim

Finally, Plaintiffs' fraud claims must also be dismissed because Plaintiff has failed to identify any false representation of fact that Capital One Auto made to Plaintiffs with the intent to deceive and on which Plaintiffs justifiably relied to their detriment. *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 445-46 (S.D.N.Y. 2014) ("To state a claim for common law fraud under New York law, a plaintiff must allege the following: (1) defendant made a representation as to a material fact; (2) such representation was

---

[3] Plaintiffs also purport to assert a claim for "harassment" presumably based on the same allegations as their FDCPA claim.  The harassment claim must be dismissed because "New York does not recognize a common-law cause of action to recover damages for harassment." *Santoro v. Town of Smithtown*, 835 N.Y.S.2d 658, 661 (App. Div. 2007) (quoting *Daulat v. Helms Bros.*, 795 N.Y.S.2d 456, 457 (App. Div. 2005)).

false; (3) defendant intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff sustained pecuniary loss.").

## CONCLUSION

For the foregoing reasons, Capital One Auto's motion to dismiss is GRANTED and all claims against Capital One Auto are DISMISSED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 41, to terminate Capital One Auto from the case, and to amend the caption to remove Capital One Auto. An initial case management and scheduling conference pursuant to Fed. R. Civ. P. 16 is scheduled for August 20, 2015 at 10:45 a.m., at the United States Courthouse, 300 Quarropas Street, Courtroom 218, White Plains, New York 10601. The remaining parties shall confer in accordance with Fed. R. Civ. P. 26(f) at least 21 days prior to the conference and attempt in good faith to agree upon a proposed discovery plan that will ensure trial readiness within six months of the conference date. The remaining parties shall also complete a Civil Case Discovery Plan and Scheduling Order and bring it to the conference.

Dated: June 24, 2015
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge