UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John and Noelle Blanc,

Plaintiffs,

- *against* -

Experian Information Solutions, Inc., et al.,

Defendants.

13CV7209 (NSR)(LMS)

**REPORT AND RECOMMENDATION**

**TO: THE HONORABLE NELSON S. ROMÁN, U.S.D.J.**

Plaintiffs John and Noelle Blanc, proceeding pro se, commenced this action on October 10, 2013, against Edmund Charles, Geico, Capital One Bank, United Recovery Systems, Subaru, JP Morgan Chase Bank, Experian Information Solutions, Inc., Trans Union, and Equifax Information Services, Inc., asserting federal claims, including violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, as well as various New York and common law claims such as violation of the New York Fair Credit Reporting Act, fraud, breach of contract, and harassment. Docket # 2, Complaint. Currently before the Court is a motion to dismiss for failure to prosecute filed by Experian Information Solutions, Inc. ("Experian"), Docket # 48.[1]

For the reasons that follow, I conclude, and respectfully recommend that Your Honor should conclude, that Experian's motion should be granted, and the case should be dismissed with prejudice.

## BACKGROUND

The Complaint in this action was filed on October 10, 2013. Docket # 2. Although there

[1] Experian Information Solutions, Inc. is sued herein as Experian.

is no proof that any of the Defendants were properly served with the Complaint, Defendants Edmund Charles, Capital One Auto Finance (identified in the Complaint as Capital One Bank), and Experian all appeared in the case. See Docket ## 14 (Court Order dated December 3, 2013)[2] & 15 (Experian's Notice of Appearance dated December 12, 2013). The action was initially delayed by Plaintiffs' failure to file a proper application to proceed in forma pauperis ("IFP"), leading the Court to issue an Order on November 13, 2013, directing Plaintiffs to file an amended IFP application within thirty days thereof. Docket # 4. Plaintiffs did so on December 11, 2013, Docket # 17, and the Court issued an Order granting their IFP application on January 7, 2014. Docket # 21.

Thereafter, on January 30, 2014, the Court issued an Order to Show Cause granting Plaintiffs "thirty days to file an affirmation showing cause why their claims . . . against Edmund Charles and Geico should not be severed under Rule 21 of the Federal Rules of Civil Procedure and dismissed without prejudice to commencing separate actions in the proper jurisdictions with

---

[2] As the December 3, 2013, Order explained,

> On November 20, 2013, the Court received a letter from defendant Edmund Charles, requesting additional time to respond to the complaint to allow him to procure counsel to represent him in this case. On November 27, 2013, Defendant Capital One Bank moved to dismiss the complaint. For the following reason, Defendant Charles's request is denied as unnecessary, and Plaintiffs should not respond to Defendant Capital One Bank's motion until further notice from the Court.
>
> Plaintiffs, who are proceeding pro se, did not pay the filing fees when they filed this action, and the Court has not granted them permission to proceed in forma pauperis ("IFP"). A summons has not issued in this case and shall not issue without Court direction. Defendants therefore could not have been served properly under Rule 4 of the Federal Rules of Civil Procedure, and they are not yet required to respond to the complaint. . . .

Docket # 14 (footnote omitted) (emphasis added).

respect to any disputes between Plaintiffs and those two defendants." Docket # 24 at 7. Following Plaintiffs' filing of an affirmation in opposition to severance and dismissal of these claims, the Court nonetheless decided that severance and dismissal of the claims against Edmund Charles and Geico was appropriate. In an Order issued on March 18, 2014, the Court concluded: "The claims against Edmund Charles and Geico are severed from this action and dismissed without prejudice to commencing separate actions in the proper jurisdictions with respect to any disputes between Plaintiffs and Edmund Charles and Geico." Docket # 26. Importantly, the Order included the following instruction to Plaintiffs:

> To allow Plaintiffs, who are proceeding in forma pauperis, to effect service on the remaining defendants–Capital One Bank, United Recovery Systems, JP Morgan Chase Bank, Subaru, Equifax Information Services, Inc., Experian, and Trans Union Corporation–through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiffs one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these eight[[3]] remaining defendants. Within thirty days of the date of this order, Plaintiffs must complete a USM-285 form for each of the eight remaining defendants and return those forms to the Court.
>
> If Plaintiffs do not wish to use the Marshals Service to effect service, Plaintiffs must notify the Court in writing within thirty days of the date of this order and request that a summons be issued directly to Plaintiffs. If within thirty days, Plaintiffs have not returned the USM-285 forms or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.
>
> Upon receipt of each completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each Defendant.
>
> No matter what method of service Plaintiffs choose, Plaintiffs must effect service within 120 days of the date the summons is issued. It is Plaintiffs' responsibility to inquire of the Marshals Service as to whether

[3]There were actually only seven remaining defendants.

> service has been made and if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). If within 120 days of issuance of the summons, Plaintiffs have not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Finally, it is Plaintiffs' obligation to promptly submit a written notification to the Court if Plaintiffs' address changes, and the Court may dismiss the action if Plaintiffs fail to do so.

Docket # 26 (emphases added).

There is no proof that Plaintiffs ever followed the Court's Order regarding effectuation of service of the original Complaint on the remaining defendants in the case. Rather, in response to the Court's Order, Plaintiffs moved for, and were granted, leave to file an Amended Complaint, which they did on April 23, 2014. Docket ## 27-29. On May 12, 2014, Capital One Auto Finance wrote a letter to the Court to request a pre-motion conference concerning the motion to dismiss the Amended Complaint that it intended to file. The Court scheduled the pre-motion conference for June 26, 2014. Docket # 30.

At the pre-motion conference on June 26, 2014, Plaintiffs appeared by phone, and counsel for Capital One Auto Finance and Experian appeared in person. Docket Sheet, Minute Entry for 06/26/2014. The Court set a briefing schedule for the motion to dismiss that was to be filed by Capital One Auto Finance. Id. The Court also gave Experian until August 11, 2014, to answer or serve a motion to dismiss. Id. The Court ordered that "Plaintiffs must serve the Amended Complaint on the remaining defendants by July 28, 2014 and file proof of such service." Id. Proof of service of the Amended Complaint on the remaining defendants by July 28, 2014, has never been filed, and to date, there is nothing on the docket sheet to evidence that proper service of the Amended Complaint has ever been effected.

On August 11, 2014, Experian filed its Answer to the Amended Complaint. Docket # 39.

Capital One Auto Finance's motion to dismiss was fully submitted on October 30, 2014. Docket ## 41-42. Although Plaintiffs were served with the motion on August 11, 2014, and were supposed to serve their opposition papers on October 14, 2014, no such papers were served or filed either by October 30, 2014, when the motion was due to be fully submitted, Docket # 43, or by June 24, 2015, when the Court issued an Opinion & Order granting the motion, Docket # 44. The Court's Opinion & Order granting the motion to dismiss and terminating Capital One Auto Finance from the case concluded as follows:

> An initial case management and scheduling conference pursuant to Fed. R. Civ. P. 16 is scheduled for August 20, 2015 at 10:45 a.m., at the United States Courthouse, 300 Quarropas Street, Courtroom 218, White Plains, New York 10601. The remaining parties shall confer in accordance with Fed. R. Civ. P. 26(f) at least 21 days prior to the conference and attempt in good faith to agree upon a proposed discovery plan that will ensure trial readiness within six months of the conference date. The remaining parties shall also complete a Civil Case Discovery Plan and Scheduling Order and bring it to the conference.

Docket # 44 at 10 (emphasis added).

On August 20, 2015, the Court held an initial pretrial conference at which Plaintiffs failed to appear, and only counsel for Experian appeared. No other Defendants appeared.[4] As the minute entry for the conference states,

> The Court telephoned plaintiffs at the last known phone number but was unable to leave a message. Case Management Plan signed. The Court issued an Order of Reference to U.S. Magistrate Judge Lisa Margaret Smith for general pretrial purposes.[[5]] Discovery cutoff is April 20, 2016. Status conference scheduled for April 29, 2016 at 10:00 am. If pro se plaintiffs fail to prosecute this case, defendant shall make an appropriate application.

[4]As noted above, no proof of service of the Amended Complaint on any Defendant has ever been filed.

[5]See Docket # 45 (Order of Reference).

Docket Sheet, Minute Entry for 08/20/2015 (emphasis added).

The undersigned scheduled an initial conference with the parties for September 17, 2015, see Docket # 47 (Scheduling Notice), but the Scheduling Notice, sent to the address for Plaintiffs that is on the docket sheet, P.O. Box 201, White Plains, NY 10602, was returned with a label, "Return to Sender, Vacant, Unable to Forward." In addition, the Court called Plaintiffs' phone number on September 10, 2015, and left a voice-mail message, but never heard back.[6] Thus, it is not surprising that Plaintiffs failed to appear at the September 17, 2015, conference. See Docket Sheet, Minute Entry for 09/17/2015. Accordingly, the Court granted Experian (the only Defendant appearing) permission to file a motion to dismiss for failure to prosecute by October 8, 2015, with Plaintiffs given until October 29, 2015, to file their opposition, and Experian's reply to be filed by November 6, 2015. Id. Experian served and filed its motion papers on October 8, 2015. Docket ## 48-50. Plaintiffs have neither served nor filed anything in opposition and have never contacted the Court to seek an extension of time or otherwise. See Docket # 52.[7]

---

[6]The docket sheet erroneously lists the phone number as "645/438-1050," instead of "(646) 438-1050," which was the phone number on documents that Plaintiffs have filed in this action and the phone number called by the Court.

[7]Notably, Experian filed a Certificate of Service on October 6, 2014, which states that Experian re-served its Rule 7.1 Corporate Disclosure Statement and its Answer to the Amended Complaint on Plaintiffs at 36 Oakwood Avenue, White Plains, New York 10605. As Experian's counsel explained,

> I attempted to serve both of these documents to Plaintiffs by mail on August 11, 2014 at the address provided in their December 11, 2013 Notice of Change of Address (Dkt. 18), but the documents were returned to me:
>
> John and Noelle Blanc

**DISCUSSION**

Rule 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute . . . ." Fed. R. Civ. P. 41(b). Thus, under Rule 41(b), a plaintiff is required to diligently prosecute his or her case. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). However, the Second Circuit has cautioned that a dismissal pursuant to Fed. R. Civ. P. 41(b) is a "harsh remedy," which should only be utilized in "extreme situations." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted). Therefore, the Second Circuit has provided the following five factors for the court to consider before dismissing an action pursuant to Fed. R. Civ. P. 41(b):

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)).

---

> P.O. Box 201
> White Plains, NY 10602
>
> I then contacted the Plaintiffs, who requested that I re-send these to the Oakwood Avenue address above.

Docket # 40. Thus, although Plaintiffs were aware that documents in the case were being sent–unsuccessfully–to the P.O. Box 201 address, and even though they knew how to file a Notice of Change of Address with the Court, Plaintiffs did not then do–and have not to this day done–anything to change their address on the docket sheet. Consequently, it appears that all notifications and filings in the case since at least October 6, 2014, have been, and continue to be, sent to Plaintiffs at their current address on the docket sheet, i.e., P.O. Box 201, White Plains, NY 10602, and it is questionable whether they have received any of them. Indeed, at the September 17, 2015, conference, Experian's counsel informed the Court that registered mail that they had sent to Plaintiffs had been returned to sender.

The Second Circuit reviews dismissals pursuant to Fed. R. Civ. P. 41(b) only for abuse of discretion. Id. at 575.

In this case, a review of the five factors militates in favor of dismissal. First, the last appearance that Plaintiffs made in the case was a telephone appearance at the pre-motion conference held on June 26, 2014. Docket Sheet, Minute Entry for 06/26/2014. As explained above, although Plaintiffs were served with Capital One Auto Finance's motion to dismiss on August 11, 2014, and were supposed to serve their opposition papers by October 14, 2014, no such papers were served or filed either by October 30, 2014, the date on which the motion was fully submitted, or by June 24, 2015, when the Opinion & Order on the motion was issued. Moreover, Plaintiffs failed to follow the Court's directive set forth in that Opinion & Order that the parties were to confer at least 21 days prior to the next conference, which was scheduled for August 20, 2015, in an attempt to agree upon a proposed discovery plan that they were to bring with them to the conference.

As stated in the Declaration from Experian's counsel dated October 8, 2015,

> During July and August 2015, I attempted to contact the Plaintiffs by telephone on more than one occasion to discuss the Initial Case Management and Scheduling Conference scheduled by Judge Román for August 20, 2015. On or about August 11, 2015 and August 19, 2015, I also attempted to contact the Plaintiffs by e-mail to discuss a proposed Scheduling Order in advance of the Conference. I was unable to reach the Plaintiffs and have not heard back from them since that time.

See Declaration of Jennifer K. Messina (Docket # 49) ¶ 3.

Subsequently, Plaintiffs failed to appear at the conferences held on August 20, 2015, and September 17, 2015, and have failed to respond in any way to the instant motion. Thus, Plaintiffs have delayed this case for months by failing to maintain contact with either the Court or Experian's counsel or to participate in the litigation in any way. As explained above, see

footnote 7, supra, it appears that neither the Court nor the parties have the correct address for Plaintiffs, and it is therefore unclear whether Plaintiffs have received any notifications or filings in the case since at least October 6, 2014. However, Plaintiffs have done nothing to notify the Court of any change of address, and it is Plaintiffs' obligation to update the Court as to their current address. See Brown v. Smith, No. 13 Civ. 4694 (AT), 2014 WL 5040908, at *2 (S.D.N.Y. Sept. 30, 2014) (dismissing pro se plaintiff's case for failure to prosecute: "Here, plaintiff was notified twice of his obligation to effectuate timely service. We note that the second notice sent to plaintiff was returned to us as undeliverable, and therefore plaintiff did not receive it. However, it is plaintiff's obligation to update the court as to his current address.") (citing cases)[8]; see also Order Severing and Dismissing Claims Against Edmund Charles and Geico and Directing Service, Docket # 26 at 2-3 ("[I]t is Plaintiffs' obligation to promptly submit a written notification to the Court if Plaintiffs' address changes, and the Court may dismiss the action if Plaintiffs fail to do so.") (emphasis added).[9]

Second, in light of Plaintiffs' failure to appear at the August 20, 2015, conference, the Court noted, as set forth in the minute entry, that "[i]f pro se plaintiffs fail to prosecute this case, defendant shall make an appropriate application." This minute entry was delivered to Plaintiffs.

---

[8]Copies of unpublished decisions will be included with the copy of this Report and Recommendation that the Court will send to Plaintiffs at their last known address.

[9]The undersigned notes that Plaintiffs in this case, while proceeding pro se, are not unschooled in federal litigation. The January 30, 2014, Order to Show Cause noted that "Plaintiffs have filed numerous prior cases under the FCRA and FDCPA in this Court." Docket # 24 at 2 n.1 (nine cases filed by Noelle Blanc alone, one case filed by John Blanc alone, and one case filed by both Noelle and John Blanc; the undersigned was the magistrate judge presiding over three of those cases). Moreover, as the record in this case shows, Plaintiffs know how to file a Notice of Change of Address. See Docket # 18.

See Notice of Electronic Filing (attached hereto).[10] Thus, Plaintiffs were on notice that their failure to participate in this litigation could result in Experian being given permission to seek dismissal of the case, yet they failed to appear at the conference scheduled for September 17, 2015. Moreover, even after being sent the minute entry for the September 17, 2015, conference, see Notice of Electronic Filing (attached hereto), which set the briefing schedule for the instant motion, and after being served with Experian's motion papers, Plaintiffs have never sought to contact either the Court or Experian in response. Finally, to the extent that it is possible that neither the Court nor Experian has the correct address for Plaintiffs, any attempt to provide further notice to Plaintiffs would be futile. See Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) ("[A]s this Court has no current address for plaintiffs, any attempt to further warn plaintiffs of their responsibilities and the consequences of their continued failure to prosecute this action would be futile. The Court notes that any inability to receive actual notice of the proceedings was of plaintiffs' own doing. Nothing prevented them from leaving a forwarding address or otherwise staying in contact with the Court.")

Third, "[w]ith regard to possible prejudice to defendant[] by virtue of further delay, a failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff[s] changed [their] mind[s] or the court lost patience. Accordingly, we may infer the likelihood of some prejudice if the motion were not granted." Wilson v. Oxford Health Plans (N.Y.), Inc., No. 01 Civ. 3417, 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002) (citations omitted); see also Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993)

---

[10]In addition, this admonition was issued after Plaintiffs had already been warned in the Court's March 18, 2014, Order that failure to take the steps necessary to effect service on the remaining defendants in the case (following the dismissal of the claims against Edmund Charles and Geico) could result in dismissal for failure to prosecute. Docket # 26; see footnote 4, supra.

("prejudice resulting from unreasonable delay may be presumed as a matter of law") (citation omitted).

Fourth, given the age of this case and the length of time that the case has remained inactive due to Plaintiffs' nonparticipation and nonappearance, the Court's interest in moving this case off its docket outweighs the need to give Plaintiffs more time to be heard in the matter. See Lukensow, 124 F.R.D. at 67 ("[T]here can be no assertion by plaintiffs that the dismissal of this action denies them their right to due process and a fair opportunity to be heard. The fact is that this dismissal results from plaintiffs' own conduct. The result could have been avoided by pressing their claim in the adversary proceeding."); see also Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may require a district court to dismiss a case pursuant to Rule 41(b).") (internal quotation marks and citation omitted).

Fifth, Plaintiffs' failures to appear at two court conferences, to confer with Experian's counsel regarding discovery as ordered by the Court, and to respond to either the motion to dismiss filed by Capital One Auto Finance or the instant motion, as well as their continued failure to communicate with anyone, including the Court, all render the sanction of dismissal with prejudice appropriate in this case.[11] See, e.g., Edwards v. Horn, No. 10 Civ. 6194 (RJS)(JLC), 2012 WL 1292672, at *2 (S.D.N.Y. Apr. 13, 2012) ("[Plaintiff's] failure to prosecute and his most recent failures to appear at court-ordered conferences demonstrate that any lesser sanction would be an exercise in futility[.]") (internal quotation marks and citation

[11]Because I find that dismissal would be appropriate pursuant to Fed. R. Civ. P. 41(b), I do not address Experian's argument that the action should also be dismissed pursuant to Fed. R. Civ. P. 16(f)(1)(A).

omitted), adopted by, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Smith v. Human Res. Admin. of New York City, No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate in this case. Court orders and direction have not prompted plaintiff to move her case forward. . . . Moreover, plaintiff is proceeding in forma pauperis, rendering monetary sanctions inappropriate."); Lukensow, 124 F.R.D. at 67 ("In the case at bar, no sanction other than dismissal will suffice. Plaintiffs cannot be contacted by this Court and, therefore, any lesser sanction would be both unenforceable and ineffective in this abandoned action.").

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Experian's motion to dismiss for failure to prosecute (Docket # 48) should be granted, and Plaintiffs' action should be dismissed with prejudice.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Nelson S. Román, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román.

Dated: December 17, 2015
White Plains, New York

**SO ORDERED,**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of this Report and Recommendation has been mailed to the following:

John and Noelle Blanc
P.O. Box 201
White Plains, NY 10602

MIME-Version:1.0
From:NYSD_ECF_Pool@nysd.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
--Case Participants: Jennifer Kathleen Messina (dpjacobson@jonesday.com, jkmessina@jonesday.com), Judge Loretta A. Preska (reportsecf_nysd@nysd.uscourts.gov), Judge Nelson Stephen Roman (reportsecf_nysd@nysd.uscourts.gov, romannysdchambers@nysd.uscourts.gov), Judge Unassigned (reportsecf_nysd@nysd.uscourts.gov)
--Non Case Participants: Kathleen Sanders (sandersecfnysd@nysd.uscourts.gov)
--No Notice Sent:

Message-Id:<15188428@nysd.uscourts.gov>
Subject:Activity in Case 7:13-cv-07209-NSR Blanc et al v. Geico et al Pretrial Conference - Initial
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 8/20/2015 at 7:26 PM EDT and filed on 8/20/2015

**Case Name:** Blanc et al v. Geico et al
**Case Number:** 7:13-cv-07209-NSR
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry for proceedings held before Judge Nelson Stephen Roman: Initial Pretrial Conference scheduled to be held on 8/20/2015. Pro se plaintiffs not present. Defendant Experians counsel present. No other defendants appeared. Court reporter is Albi Gorn. The Court telephoned plaintiffs at the last known phone number but was unable to leave a message. Case Management Plan signed. The Court issued an Order of Reference to U.S. Magistrate Judge Lisa Margaret Smith for general pretrial purposes. Discovery cutoff is April 20, 2016. Status conference scheduled for April 29, 2016 at 10:00 am. If pro se plaintiffs fail to prosecute this case, defendant shall make an appropriate application. ( Discovery due by 4/20/2016., Status Conference set for 4/29/2016 at 10:00 AM before Judge Nelson Stephen Roman.). (Court Reporter Albi Gorn) (gs)**

**7:13-cv-07209-NSR Notice has been electronically mailed to:**

Jennifer Kathleen Messina    jkmessina@jonesday.com, dpjacobson@jonesday.com

**7:13-cv-07209-NSR Notice has been delivered by other means to:**

John Blanc
P.O. Box 201
White Plains, NY 10602

Noelle Blanc
P.O. Box 201
White Plains, NY 10602

MIME-Version:1.0
From:NYSD_ECF_Pool@nysd.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
--Case Participants: Jennifer Kathleen Messina (dpjacobson@jonesday.com, jkmessina@jonesday.com), Magistrate Judge Lisa Margaret Smith (chambersnysdsmith@nysd.uscourts.gov, reportsecf_nysd@nysd.uscourts.gov), Judge Nelson Stephen Roman (reportsecf_nysd@nysd.uscourts.gov, romannysdchambers@nysd.uscourts.gov), Judge Loretta A. Preska (reportsecf_nysd@nysd.uscourts.gov), Judge Unassigned (reportsecf_nysd@nysd.uscourts.gov)
--Non Case Participants: Kathleen Sanders (sandersecfnysd@nysd.uscourts.gov)
--No Notice Sent:

Message-Id:<15314557@nysd.uscourts.gov>
Subject:Activity in Case 7:13-cv-07209-NSR-LMS Blanc et al v. Geico et al Status Conference
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 9/17/2015 at 1:22 PM EDT and filed on 9/17/2015
**Case Name:** Blanc et al v. Geico et al
**Case Number:** 7:13-cv-07209-NSR-LMS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry for proceedings held before Magistrate Judge Lisa Margaret Smith: Status Conference held on 9/17/2015, Jennifer Kathleen Messina appearing in person for Defendant. Plaintiff failed to appear. Defendant Experian may file a motion to dismiss for failure to prosecute by 10/08/2015. Defendant Experian is to specify in the motion that Plaintiff may file a response by 10/29/2015. Defendant Experian may file a reply by 11/06/2015. Adjourned. (Court Reporter courtflow) (Levy, Orrie)**

**7:13-cv-07209-NSR-LMS Notice has been electronically mailed to:**

Jennifer Kathleen Messina jkmessina@jonesday.com, dpjacobson@jonesday.com

**7:13-cv-07209-NSR-LMS Notice has been delivered by other means to:**

John Blanc
P.O. Box 201
White Plains, NY 10602

Noelle Blanc
P.O. Box 201
White Plains, NY 10602