UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN BLANC AND NOELLE BLANC,

                Plaintiffs,          13-cv-7209 (NSR) (LMS)

   -against-

                                                 ORDER ADOPTING REPORT
EXPERIAN INFORMATION SOLUTIONS, INC.    AND RECOMMENDATION
et al.,

                Defendants.
------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Plaintiffs John and Noelle Blanc ("Plaintiffs"), proceeding *pro se*, commenced this action on October 10, 2013 against multiple defendants including Experian Information Solutions, Inc. ("Experian" or "Defendant"). Plaintiffs allege federal claims, including violations of the Fair Credit Reporting Act, 15 U.S.C. § 1601, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiffs also allege violation of the New York Fair Credit Reporting Act, as well as New York common law claims sounding in fraud, breach of contract and harassment.

      Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), this matter was referred to Magistrate Judge Lisa M. Smith ("MJ Smith"). Currently pending before this Court is Experian's motion to dismiss the complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On December 17, 2015, MJ Smith issued a Report and Recommendation ("R&R"). MJ Smith recommended that Experian's motion be granted. For the following reasons, the Court adopts MJ Smith's R&R in its entirety and Experian's motion to dismiss is GRANTED.



Copies mailed/faxed 3/29/2016
Chambers of Nelson S. Román, U.S.D.J.

1

## BACKGROUND[1]

Plaintiffs filed the instant complaint on October 10, 2013. Although all Defendants appeared in the case, there is no documentary evidence that any were served. The action was also delayed due to Plaintiffs' multiple applications seeking leave to proceed *in forma pauperis* ("IFP"). Ultimately, the Court granted Plaintiffs' application on January 7, 2014.

Subsequently, on January 30, 2014, the Court issued an Order to Show Cause ("OSC") directing Plaintiffs, within 30 days of the OSC, to file an affirmation demonstrating why the claims asserted against former defendants, Edmund Charles ("Charles") and Geico General Insurance Company ("Geico") should not be severed under Rule 21 of the Federal Rules of Civil Procedure. Plaintiffs did not file any opposition to the severance motion and the Court dismissed, without prejudice, claims against both Charles and Geico on the basis of misjoinder of parties. By order dated, March 18, 2014, Plaintiffs were instructed to complete a USM-28 form – a control document for process served by a U.S. Marshal or designee – for each of the seven remaining defendants. The March 18 order also advised Plaintiffs that non-compliance may be grounds for dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

A review of the court file reveals Plaintiffs have yet to file any proof of service nor have they completed a USM-28 form as instructed by the Court. Plaintiffs did, however, move for and were granted leave to file an amended complaint, which Plaintiffs filed on April 23, 2014. On June 26, 2014, a case conference was held where Plaintiffs appeared and the Court set a briefing schedule for Capital One's motion to dismiss. The Court also instructed Plaintiffs to serve their Amended Complaint on all remaining defendants by July 28, 2014. Capital One's motion to dismiss was granted on June 24, 2015, without opposition.

---

[1] Facts are taken from the R&R unless otherwise noted.

2

Experian timely filed its Answer to the Amended Complaint on August 11, 2014. Experian attempted to serve its Answer on Plaintiffs but was unsuccessful due to Plaintiffs' failure to provide an accurate home address. Experian subsequently served Plaintiffs after obtaining a different mailing address. The Court notes however, Plaintiffs have failed to notify the Court of any change in address.

On August 20, 2015, a scheduled case conference was held. Though counsel for Experian was present, Plaintiffs did not appear neither personally nor telephonically. An initial conference was scheduled for September 17, 2015, and MJ Smith sent a Scheduling Notice to the address provided by Plaintiffs. Prior to the conference, the Scheduling Notice had been returned to the Court by the Postal Service as undeliverable (return to sender). The Court again attempted to contact Plaintiffs by telephone but was unsuccessful. Accordingly, Plaintiffs failed to appear at the initial conference. The Court then granted Experian leave to file a motion to dismiss for failure to prosecute and gave Experian until October 29, 2015 to file such a motion. Experian served and filed its motion papers upon Plaintiffs at their last known address on October 8, 2015. Plaintiffs have not submitted or filed any opposition to Experian's motion.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

3

> recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

The Court finds no error on the face of the R&R, and thus adopts MJ Smith's R&R in its entirety. Rule 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). The Second Circuit evaluates motions to dismiss under Rule 41(b) in light of the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) [the] plaintiff was given notice that further delay would result in dismissal; (3) [the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F. 3d 569, 576 (2d Cir. 2009) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The Court agrees with the R&R and finds that the

five factors weigh in favor of dismissal.

As stated more fully in the R&R, Plaintiffs have failed to appear at multiple court-ordered conferences. Furthermore, although Plaintiffs became aware that documents in the case were being sent to the wrong address, they have not filed a Change of Address form with the Court as they are required to do. Plaintiffs additionally did not oppose Experian's motion to dismiss. Accordingly, the Court finds that a dismissal for failure to prosecute is proper. Any monetary ramifications in the instant action would be inappropriate as Plaintiffs are proceeding *in forma pauperis.*

## CONCLUSION

For the reasons stated above, the Court adopts M J Smith's Report and Recommendation in its entirety, and Experian's motion to dismiss is GRANTED. The Clerk of the Court is directed to terminate the motion at ECF No. 48.

Dated: March 29, 2016
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge