USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
JOHN BLANC and NOELLE BLANC,

                      Plaintiffs,

-against-

CAPITAL ONE BANK; UNITED
RECOVERY SYSTEMS; JPMORGAN
CHASE BANK; SUBARU; EQUIFAX
INFORMATION SERVICES, INC.;
EXPERIAN; TRANS UNION
CORPORATION; GEICO; and EDMUND
CHARLES,

                      Defendants.
-------------------------------------------------------------

13-CV-7209 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

       Plaintiffs bring this action pro se against Capital One Bank, United Recovery Systems, JP Morgan Chase Bank, Subaru, Equifax Information Services, Inc., Experian Information Solutions, Inc., and Trans Union Corporation alleging violations of contract, debt collection practices statutes, credit reporting statutes, the Americans with Disabilities Act of 1990, and various common law doctrines. On October 8, 2015, Defendant Experian filed a motion to dismiss for failure to prosecute the action. On December 17, 2015, Magistrate Judge Lisa Smith recommended that this Court grant Experian's motion to dismiss for failure to prosecute and dismiss Plaintiffs' action with prejudice. (ECF No. 54.) On March 29, 2016, this Court ordered Plaintiffs to show cause by April 25, 2016 as to why this action should not be dismissed for failure to prosecute and non-compliance with the Court's orders. (ECF No. 57.)

## BACKGROUND

       Plaintiffs initiated this lawsuit on October 10, 2013 after Plaintiffs' vehicle was extensively damaged as a result of Hurricane Sandy in or about October 2012. After their vehicle

was damaged, Plaintiffs decided to purchase a new vehicle. However, based on their credit scores, their application was denied. Plaintiffs allege that credit reports from defendants Equifax, Experian, and Trans Union contained inaccurate items which were out of date and false; that Defendant United Recovery Systems falsely represented themselves as being employed by Defendant Capital One and employed various intimidation tactics in order to collect money owed to Capital One; and that Defendants collectively contributed to false and unsubstantiated account data to be disseminated to anyone who looked at the Plaintiffs' credit reports and ultimately destroyed Plaintiffs' credit record.

As noted above, Judge Smith issued a report and recommendation ("R & R") recommending that the action be dismissed with prejudice. The Court adopts the procedural history as outlined in Judge Smith's R & R. Plaintiffs have not filed any objections to Judge Smith's R & R.

In addition, thereafter, this Court ordered Plaintiffs to show cause by April 25, 2016 as to why this action should not be dismissed for failure to prosecute and non-compliance with the Court's orders. Plaintiffs have not submitted any argument or contacted the Court in any fashion.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, as neither party objected to the R & R issued by Judge Smith, the Court reviews the recommendation for clear error. Federal Rule of Civil Procedure 41 (b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 4 l(b). "Under that Rule and the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, ... dismiss a complaint for want of prosecution." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. Jan. 14, 1966); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (Jun. 25, 1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power.'").

A Rule 41(b)1 dismissal for failure to prosecute an action is a matter committed to the sound discretion of the district court. *See Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. May 25, 1995). In exercising that discretion, the court should examine five factors: (1) the duration of plaintiff's

3

failure; (2) whether plaintiff received notice that further delay would result in dismissal; (3) whether defendant will suffer prejudice by further delay; (4) a balancing of the need to relieve the court's calendar congestion with a plaintiff's right to due process; and (5) the efficacy of lesser sanctions. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. Apr. 22, 1994). In general, no one factor is dispositive. *See Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. Feb. 7, 1994).

The Court finds no error on the face of the R & R, and thus adopts Judge Smith's R & R in its entirety. The Court agrees that the balance of factors concerning dismissals under Rule 41(b) weighs in favor of dismissal for failure to prosecute. In addition to the analysis as presented in the R & R, this Court provided Plaintiffs with yet another opportunity to respond or communicate with the Court regarding their action, and Plaintiffs failed to comply. Therefore, the action is dismissed with prejudice for failure to prosecute.

## CONCLUSION

For the reasons stated above, this Court adopts Judge Smith's Report and Recommendation in its entirety. Defendant Experian's motion to dismiss is granted, and the Clerk of Court is respectfully directed to terminate the motion at ECF No. 48 and to close this case accordingly.

Dated: July 7, 2016  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

4